FILED
CLERK
11:59 am, May 12, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TRISTAN TAVERAS,

                Plaintiff,

        -against-

SHERIFFS DEPT., MR. WALKER (inmate),

                Defendants.
----------------------------------X

MEMORANDUM & ORDER
16-CV-7043(JS)(ARL)

APPEARANCES
For Plaintiff:      Tristan Taveras, pro se
                      17-A-1200
                      Downstate Correctional Facility
                      121 Red Schoolhouse Road
                      PO Box F
                      Fishkill, NY 12524

For Defendants:    No appearances.

SEYBERT, District Judge:

        On December 12, 2016, then-incarcerated pro se plaintiff Tristan Taveras ("Plaintiff") filed an in forma pauperis Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Sheriff's Department, and Mr. Walker (together, "Defendants"), accompanied by an application to proceed in forma pauperis.

        Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) for failure to state a claim for relief.

BACKGROUND[1]

Plaintiff's sparse handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges, in its entirety:

> I was assaulted by Sheriffs Dept in Hempstead Courthouse garage. I was pulled from the van and thrown on the ground and beaten brutally by Sheriffs officers the officers had me cuffed during the assault he had his knee on my chest while him and couple other officers proceeded to punch and kick me. I received no medical treatment, not allowed to make phone calls in the jail when I was admitted my mugshot is the only evidence of injuries and video on Dec 18th/2015 I spoke to Internal Affairs but have yet to receive a docket number. I was also assaulted Sat. Oct. 22/2016 by inmate in police custody. I pressed charges but have yet to see anybody. I was sleep in my cell when inmate attacked me in my sleep.[2]

(Compl. ¶ IV.) In the space on the form Complaint that calls for a description of any claimed injuries and any medical treatment required and/or provided, Plaintiff alleges that he suffered a broken nose from the first assault and was not given medical treatment for such injury. (Compl. ¶ IV.A.) Plaintiff also claims that as a result of the second assault, he sustained an "[indeciperable] fracture, busted lip, erupted retina, [and] blood clots." (Compl. ¶ IV.A.) Plaintiff alleges that although he was taken to Nassau County Medical Center for treatment of his injuries alleged sustained during the second assault, he still requires

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

[2] Plaintiff's allegations have been reproduced here exactly as they appear in the Complaint. Errors in spelling, punctuation, and grammar have not been corrected or noted.

unspecified surgery. (Compl. ¶ IV.A.) For relief, Plaintiff seeks to recover a monetary award in total sum of $2 million for his "injuries and compensation." (Compl. ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955,

3

1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501–02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d

4

217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676

A.  Claim Against the Sheriff's Department

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted); Melendez v. Nassau Cnty., 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing the claims against the Sheriff's

Department because it lacks the capacity to be sued). Thus, Plaintiff's claim against the Sheriff's Department is not plausible because it has no legal identity separate and apart from Nassau County. Accordingly, this claim is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b). However, given Plaintiff's pro se status, the Court considers whether the Complaint alleges a plausible Section 1983 claim if construed as against the County. For the reasons that follow, the Court finds that it does not.

B. Claim As Construed Against Nassau County

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servcs. of N.Y. City, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60-61, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436

U.S. at 690-91.

A plaintiff can ultimately establish the existence of a municipal policy or custom by showing: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, Plaintiff's Complaint does not allege a plausible Section 1983 claim even when construed as against Nassau County.

C. Claim Against Mr. Walker

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" Hooda v. Brookhaven Nat'l Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-

7

Baker v. Kohn, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed. 2d 418 (1982)). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted); Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . . required to show state action." (internal quotation marks and citation omitted)). Indeed, "the under-color-of- state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citation omitted).

Private actors, such as Mr. Walker, may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L. Ed. 2d 142 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. In order to state a Section 1983 conspiracy claim, a plaintiff must allege:

8

"(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, Mr. Walker is alleged to be an inmate at the Nassau County Correctional Center. Plaintiff does not allege that Mr. Walker, a private person, acted jointly with a state actor or conspired with a state actor to deprive Plaintiff of some constitutional right. Thus, in the absence of any state action, Plaintiff's Section 1983 claim against Mr. Walker is not plausible as a matter of law. Ciambriello, 292 F.3d at 325. Accordingly, Plaintiff's Section 1983 claim against Mr. Walker is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).[3]

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se Complaint should not be dismissed without leave to amend unless amendment would be futile, Ashmore v. Prus, 510 F. App'x 47, 49 (2d Cir. 2013) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, the Court finds that since the deficiencies noted above with regard to Plaintiff's

---

[3] The dismissal of Plaintiff's Section 1983 claim against Mr. Walker is without prejudice to Plaintiff pursuing any valid state law claims Plaintiff may have against Mr. Walker in state court.

9

claims against the Sheriff's Department and Mr. Walker are substantive in nature and would not be remedied if Plaintiff were afforded an opportunity to amend his Complaint, leave to amend the Complaint as against the Sheriff's Department and Mr. Walker is DENIED.

However, Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT as against Nassau County and/or the Corrections Officers involved in the incident described in the Complaint. If Plaintiff does not know, and cannot ascertain the identities of such individuals at this time, he may identify them in the Amended Complaint as "John Does." **Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 16-CV-7043(JS)(ARL).** Plaintiff is cautioned that an Amended Complaint completely replaces the original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in the Amended Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Sheriff's Department and Mr. Walker for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is **GRANTED LEAVE TO FILE AN AMENDED COMPLAINT IN ACCORDANCE WITH THIS ORDER.**

**Any Amended Complaint shall be filed within thirty (30) days from the date of this Order, shall be titled "Amended Complaint," and shall bear the same docket number as this Order, No. 16-CV-7043(JS)(ARL).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May __12__, 2017
 Central Islip, New York